```
        IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

           MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION


UNITED STATES OF AMERICA,    )
                             )      CRIMINAL ACTION NO.
     v.                      )         3:14cr507-MHT
                             )             (WO)
ROBERTA PYATT                )
```

OPINION AND ORDER

This cause is before the court on defendant Roberta Pyatt's motion to continue.  For the reasons set forth below, the court finds that jury selection and trial, now set for December 1, 2014, should be continued pursuant to 18 U.S.C. § 3161(h)(7).  This continuance applies to only Pyatt, and does not affect the trial date of her codefendant, Lashelia Alexander.

While the granting of a continuance is left to the sound discretion of the trial judge, <u>United States v. Stitzer</u>, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a

> defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant ... reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Pyatt in a speedy trial. The court has reasonable cause to believe that, in

order to be prepared effectively for trial, Pyatt must be granted a continuance.  Pyatt represents that she has recently received some 18,000 pages of discovery.  As the trial date is only two weeks away, the court agrees with Pyatt that there is insufficient time to review and study adequately that amount of discovery before the current trial date.  This court's decision to grant a continuance is buttressed by the fact that Pyatt has filed a waiver of her Sixth Amendment and Speedy Trial Act rights, and by the fact that the government does not oppose the continuance.

***

Accordingly, it is ORDERED as follows:

(1) Defendant Roberta Pyatt's motion for continuance (doc. no. 29) is granted.

(2) The jury selection and trial, now set for December 1, 2014, are reset for March 23, 2015, at 10:00 a.m., in the G.W. Andrews Federal Building & U.S. Courthouse, 701 Avenue A, Opelika, Alabama.

(3) The jury selection and trial for defendant Lashelia Alexander remain, as set, for December 1, 2014, at 10:00 a.m.

DONE, this the 17th day of November, 2014.

                            /s/ Myron H. Thompson
                            **UNITED STATES DISTRICT JUDGE**