IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 3:14cr507-MHT |
| | ) | (WO) |
| ROBERTA PYATT | ) | |

OPINION AND ORDER

This cause is now before the court on the question whether defendant Roberta Pyatt has the mental capacity to stand trial, that is, whether she is suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is not able to understand the nature and consequences of the proceedings against him or to assist properly in her defense.  See 18 U.S.C. § 4241(a).  Based on evidence presented in open court on February 17, 2015, the court finds that she has the mental capacity to stand trial.

Pyatt's counsel requested an examination to determine whether she was competent based on meetings between counsel and Pyatt, in which Pyatt had difficulty understanding what was being said.  The

magistrate judge granted this request and ordered a psychological evaluation, to be administered by Dr. David Ghostly. Dr. Ghostly, a licensed clinical psychologist, evaluated Pyatt in Dothan, Alabama on December 9, 2014. See 18 U.S.C. §§ 4241(b) & 4247(b). Dr. Ghostly submitted his findings in a report which was filed under seal initially and which was later offered into evidence at the hearing when Dr. Ghostly testified.

Dr. Ghostly testified that, if given certain accommodations detailed below, Pyatt "is marginally appropriate to assume the role of defendant at this time." Psychological Evaluation submitted by David Ghostly, Psy.D., dated January 21, 2015 (doc. no. 52), at 5. In support of this conclusion, Dr. Ghostly reported that Pyatt "accurately stated the charges lodged against her and demonstrated adequate appreciation of the range and nature of the penalties that could result from conviction." Id. She further

2

"demonstrated knowledge of the adversarial nature of the legal process as well as the roles and functions of various key courtroom personnel ...."  Id.  However, Dr. Ghostly pointed out, Pyatt's "capacity to testify relevantly and cogently is impaired and, therefore, will require special attention and accommodations by the attorneys who examine and cross-examine her."  Id. One such example of special attention is that the court would need to take special care to protect her from unfair direct- and cross-examination.  Moreover, because she has minimal capacity to make rational decisions, she needs "special guidance and assistance from her defense attorney" in deciding whether to testify at trial.  Id.  Dr. Ghostly concluded that Pyatt "will be able to participate with her attorney in formulating a defense strategy, although extra time should be allotted to accomplish this."  Id.

3

Based upon the psychological evaluation and testimony at the February 17 hearing and pursuant to 18 U.S.C. § 4241(a), the court concludes that Pyatt is not currently suffering from a mental disease or defect such that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense.  The court notes, however, that Pyatt should and will be given special attention throughout the trial as suggested by Dr. Ghostly.  Also the accommodations will include extended opportunities for Pyatt's counsel to confer with her, including even regular recesses so that her counsel can make sure that she understands the proceedings and choices that she must make.

Accordingly, it is ORDERED that defendant Roberta Pyatt is declared mentally competent to stand trial in this case.

DONE, this the 18th day of February, 2015.

                                         /s/ Myron H. Thompson
                                         **UNITED STATES DISTRICT JUDGE**